IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RONALD DWIGHT EADY,

    Plaintiff,

v.                                                                               No. 1:23-cv-01131-STA-jay

ASCEND TRANSPORTATION,

    Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff filed this pro se Complaint on July 7, 2023. (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. (ECF Nos. 2, 6.) The undersigned **RECOMMENDS** that Plaintiff's Title VII race discrimination claims **PROCEED** but that his Americans with Disabilities Act claim be **DISMISSED WITHOUT PREJUDICE**.

### I.    PROPOSED FINDINGS OF FACT

Plaintiff, who Defendant employed as a truck driver, brings this employment discrimination action against his former employer, Defendant Ascend Transportation, following his June 9, 2023, termination. According to Plaintiff's Complaint, Plaintiff, at some unstated time, suffered a heart attack and stroke which led to him having a pacemaker implanted. (ECF No. 1, PageID 6.) After Plaintiff informed Defendant of his medical condition, he was eventually terminated. (*Id*.) Plaintiff alleges that Defendant refused to accommodate his disability due to a

previous EEOC complaint he made. (*Id.*) Plaintiff states that he initiated an EEOC complaint after he claims Defendant did not compensate him for a workplace injury. (ECF No. 1, PageID 6-7.) Plaintiff further alleges that he was "mistreated" by a White co-worker, and his immediate supervisor, who was White, "immediately disliked him." (*Id.* at PageID 7.) He claims that this former immediate supervisor was overly critical of him, disciplined him on unreasonable grounds, made the statement that she distrusted Black people, and sent him on an overnight assignment without compensating him. (*Id.*) Plaintiff further alleges that he was treated differently than his White counterparts because he was not allowed to drive his truck home while White co-workers were permitted to do so. (*Id.*)

Plaintiff alleges that he was terminated in retaliation for filing a charge of discrimination with the EEOC, and was subjected to a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Plaintiff further alleges that Defendant failed to reasonably accommodate him after he suffered a stroke in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (ECF No. 1, PageID 6-7.) Plaintiff submits an EEOC right-to-sue letter issued on May 9, 2023, as an exhibit to his Complaint.

## II.    SCREENING STANDARD

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

    i.    is frivolous or malicious;
    ii.    fails to state a claim on which relief may be granted; or
    iii.    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P.

3

8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

### III.     PROPOSED CONCLUSIONS OF LAW

Pursuant to *Keys v. Humana, Inc.*, 684 F.3d 605, 608-611 (6th Cir. 2012), the *prima facie* elements of employment discrimination claims are not pleading requirements. Therefore, at the pleading stage, it would be inappropriate to dismiss a plaintiff's potential claims solely for his or her failure to allege such elements under the burden shifting standard set forth in *McDonnel Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. Instead, the analysis turns upon whether the plaintiff has provided sufficient factual content for the Court to be able to reasonably infer the alleged illegal discrimination occurred. *See Keys*, 684 F.3d 605, 610 (6th Cir. 2012). For the reasons set forth in detail below, the Magistrate Judge concludes that Plaintiff has set forth sufficient facts to state a claim under Title VII. However, the Magistrate Judge also concludes that Plaintiff has failed to exhaust his available administrative remedies with

4

regard to his ADA claims. Therefore, the Magistrate Judge **RECOMMENDS** that Plaintiff's Title VII claim **PROCEED** but that his ADA claim be **DISMISSED WITHOUT PREJUDICE**.

A. <u>Title VII of the Civil Rights Act of 1964.</u>

Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from retaliating against employees for opposing such discrimination or participating in an investigation into such discrimination. *See* 42 U.S.C.A. § 2000e-3(a). In order to state a claim for such discrimination, a plaintiff must provide sufficient factual allegations to allow a court to reasonably infer that his employer discriminated against him with respect to his compensation, terms, conditions, or privileges of employment, because of one of these impermissible purposes. *See Keys,* 684 F.3d 605 at 610.

In his Complaint, Plaintiff states that he initiated an EEOC complaint after Defendant did not compensate him for a workplace injury. (ECF No. 1, PageID 6-7.) Plaintiff further alleges that he was subjected to a hostile work environment based upon being "mistreated" by a White co-worker, and because his immediate supervisor, who was White, "immediately disliked him." (*Id*. at PageID 7.) He claims that this former immediate supervisor was overly critical of him, disciplined him on unreasonable grounds, made the statement that she distrusted Black people, and sent him on an overnight assignment without compensating him. (*Id*.) Plaintiff further alleges that he was treated differently than his White counterparts because he was not permitted to drive his truck home while White co-workers were permitted to do so. (*Id*.) Plaintiff submits an EEOC right-to-sue letter issued on May 9, 2023, as an exhibit to his Complaint. (ECF No. 1-1, PageID

5

12.) While it does not appear from the face of Plaintiff's Complaint that his allegation that he was not compensated for a workplace injury gives rise to a discrimination claim under Title VII, his allegations that he was treated differently than his White colleagues and that his immediate supervisor's comments created a hostile work environment does meet *Iqbal*'s plausibility standard. As such, Plaintiff' Title VII claim should proceed.

    B.    <u>Americans with Disabilities Act of 1990 ("ADA").</u>

Under the ADA, an employer shall not "discriminate against a qualified individual on the basis of disability in regard to [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[A] claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir.2000)). Until an employee receives a right to sue letter from the EEOC, he has not exhausted his administrative remedies and may not file suit under the ADA. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (procedures in § 2000e–5 apply to claims brought under the ADA).

A district court's jurisdiction to hear cases arising under the ADA is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Johnson v. Cleveland City Sch. Dist.*, 344 Fed.Appx. 104, 109 (6th Cir.2009). "Therefore, a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed[,]" or if the agency discovers evidence of the discrimination relating to the uncharged claim while investigating plaintiff's charge. *Id.*

It appears from the record that Plaintiff has not filed a charge of discrimination with the EEOC with regard to his ADA claim, or that his ADA claim is "within the scope of the charge

6

filed." *Id.* While Plaintiff's right-to-sue letter does not specify what discrimination claims were included in his charge of discrimination made to the EEOC, the letter was issued approximately one month before Defendant terminated Plaintiff's employment. (*See* ECF No. 1-1, PageID 12.) Plaintiff alleges in his Complaint that he filed an EEOC complaint concerning a workplace slip-and-fall accident for which he was not compensated, and that he was subjected to a hostile work environment. (*See* ECF No. 1, PageID 6-8.) Nothing in the Complaint, however, leads the Court to infer that Plaintiff's ADA claim was presented to the EEOC, or that Plaintiff's termination due to his alleged disability "was reasonably within the scope of the [EEOC] charge [of discrimination] filed." *Johnson*, 344 Fed.Appx. at 109. As it appears that Plaintiff has not exhausted his administrative remedies with respect to his ADA claim, the Magistrate Judge **RECOMMENDS** that Plaintiff's ADA claim be **DISMISSED WITHOUT PREJUDICE**.

### IV. RECOMMENDATION

For the reasons above, it is **RECOMMENDED** that Plaintiff's Title VII claim **PROCEED** but that his ADA claim be **DISMISSED WITHOUT PREJUDICE**.

Respectfully submitted this the 29th day of August, 2023.

s/Jon A. York<br>
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**