IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RONALD DWIGHT EADY,**        ) | |
| ) | |
| **Plaintiff,**        ) | |
| ) | |
| v.        ) | No. 1:23-cv-01131-STA-jay |
| ) | |
| **ASCEND TRANSPORTATION,**        ) | |
| ) | |
| **Defendant.**        ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ORDER OF *SUA SPONTE* DISMISSAL IN PART
ORDER GRANTING PLAINTIFF LEAVE TO AMEND

Before the Court is the United States Magistrate Judge's report and recommendation (ECF No. 15) on Plaintiff Ronald Dwight Eady's Pro Se Complaint submitted August 29, 2023. Plaintiff filed timely objections (ECF No. 16) on September 15, 2023.[1] Plaintiff later filed a Motion to Re-Evaluate the Magistrate Judge's Report and Recommendation (ECF No. 17), restating many of the same issues presented in his initial objections. For the reasons set forth below, the Magistrate Judge's report and recommendation is **ADOPTED**. However, the Court will grant Plaintiff leave to amend his pleadings, including the opportunity to file a copy of his charge of discrimination.

---

[1] Under Federal Rule of Civil Procedure 72(b), objections to the Magistrate Judge's report and recommendation were due within 14 days of the service of the report. Fed. R. Civ. P. 72(b). Rule 5 governs service and filing of pleadings and other papers and provides for service by a number of different means. When a paper is served through U.S. mail, service "is complete upon mailing" the paper to a person's last known address. Fed. R. Civ. P. 5(b)(2)(C). Furthermore, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . , 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). In this case the Magistrate Judge issued his report on August 29, 2023. As a pro se party, Plaintiff was served with the report by U.S. mail, meaning Plaintiff had 14 days from August 29 and then 3 days more, that is, by September 15, 2023, to file his objections to the report. The Court finds that Plaintiff's objections were timely.

## BACKGROUND

On July 7, 2023, Plaintiff filed a Pro Se Complaint alleging claims against his former employer Ascent Transportation for the violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Pursuant to Administrative Order 2013-05, the case was assigned to the Magistrate Judge for the management of all pretrial matters, including the determination of non-dispositive matters and the issuance of reports and recommendations on all dispositive matters. The Magistrate Judge entered an order granting Plaintiff's motion to proceed *in forma pauperis* on July 11, 2023.

As part of his objections to the Magistrate Judge's report, Plaintiff has raised concerns about possible *ex parte* contact between Defendant and the Magistrate Judge. Plaintiff objects that the Magistrate Judge issued his report and recommendation without holding a hearing or giving Plaintiff notice of the rulings contained in the report. There was nothing improper about the Magistrate Judge's report, and there was no evidence of any *ex parte* communication. In cases where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and dismiss the action if the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). As part of the screening process, the Court has the authority to dismiss a plaintiff's suit at any time without prior notice for any of the reasons listed in § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007).

Furthermore, 28 U.S.C. § 636 permits district courts to assign duties, including the authority to screen *in forma pauperis* cases, to magistrate judges to relieve the burden on the federal judiciary. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869-70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). The United States District Court for the Western District of Tennessee adopted Administrative Order 2013-05 for this very purpose, referring all cases filed by non-prisoner plaintiffs acting *pro se* like Plaintiff to a United States Magistrate Judge for management of all pretrial matters. This includes the screening required by § 1915(e)(2). The Magistrate Judge's report and recommendation constitutes the Court's screening of Plaintiff's Pro Se Complaint. Plaintiff's objection that the screening occurred without notice or an opportunity for him to be heard is without merit.

The Magistrate Judge has construed the Pro Se Complaint to allege the following claims: Title VII hostile work environment and retaliation and disability discrimination under the ADA. The Magistrate Judge found that the Pro Se Complaint stated plausible Title VII claims. The Magistrate Judge has recommended that the Court allow these claims to proceed. However, the Magistrate Judge concluded that the Pro Se Complaint failed to allege that Plaintiff had properly exhausted his disability discrimination claim under the ADA. The Magistrate Judge therefore recommended the dismissal of the ADA claim without prejudice pursuant to 28 U.S.C. § 1915. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–57 (2007). Plaintiff's timely objections followed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

The Court holds that Plaintiff has failed to raise any specific objection to the Magistrate Judge's recommendation regarding Plaintiff's Title VII claims. The Court therefore adopts the Magistrate Judge's recommendation to permit those claims to go forward. Plaintiff does object to the Magistrate Judge's recommendation to dismiss the ADA disability claim without prejudice for failure to first file a charge of discrimination on the claim or show that the claim would be reasonably expected to grow out of the administrative investigation of Plaintiff's other claims. The Court finds no error in the Magistrate Judge's reasoning.

"[E]xhaustion of remedies requires that a plaintiff first file a charge with the EEOC; failure to do so is an appropriate basis for dismissal." *Woodling v. GeoBuild, LLC*, No. 22-3499, 2023 WL 335283, at *2 (6th Cir. Jan. 20, 2023) (quoting *Jones v. Natural Essentials, Inc.*, 740 F. App'x. 489, 492 (6th Cir. 2018)). In the context of any employment discrimination claim, plaintiffs cannot file a judicial action on a claim they did not first raise and administratively exhaust in an EEOC charge. *Id.* (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000). Even if a plaintiff

4

does not make a formal and specific allegation in a charge of discrimination, the plaintiff may still be able to file suit on the allegation "if [the plaintiff] included some statement or reference in his EEOC filing that would have prompted the EEOC to investigate his uncharged [] claim." *Id*. (citing *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002)).

The Magistrate Judge correctly held that neither the Pro Se Complaint nor the right-to-sue letter issued by the EEOC and attached to Plaintiff's pleading show the scope of his charge of discrimination or the extent of the administrative investigation undertaken by the agency. Without the charge itself or at least some factual allegation in the Pro Se Complaint to show that Plaintiff complained of disability discrimination at the administrative level, Plaintiff cannot proceed with his ADA disability claim as part of his lawsuit. Therefore, the ADA claim must be dismissed.

The Magistrate Judge has recommended that the Court dismiss Plaintiff's ADA claim without prejudice to Plaintiff's right to raise the claim at a later time. As part of his objections, Plaintiff has stated that his health-related disability arose while he was still employed with Defendant and that his health is bound up with his other claims of discrimination. Plaintiff's argument does not directly address the exhaustion issue. However, Plaintiff's point could be understood to mean that his other discrimination claims could have reasonably prompted the EEOC to investigate his disability discrimination claim. In light of Plaintiff's argument, the Court will grant Plaintiff leave to amend his pleadings to allege how he exhausted his ADA claim with the EEOC, either by including a copy of his charge of discrimination, or alleging facts about whether he alleged disability discrimination in his charge of discrimination with the EEOC, or both. Any new allegations concerning the exhaustion of the ADA claim will still need to undergo the screening process. Plaintiff will have 21 days from the service of this order in which to file his

amended pleading. For all of these reasons, Plaintiff's ADA disability claim is **DISMISSED** without prejudice to his right to bring the claim in his amended pleading.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the United States Magistrate Judge is adopted. Plaintiff's claim for disability discrimination under the ADA is **DISMISSED** *sua sponte*. The Court will grant Plaintiff an opportunity to cure the defect in his Pro Se Complaint by filing an amended pleading, demonstrating that Plaintiff included the disability claim in his charge of discrimination or alleged enough information to prompt the EEOC to investigate his claim of disability discrimination. Plaintiff's remaining Title VII claims will proceed. This matter is recommitted to the Magistrate Judge for the management of all further pretrial matters.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: