IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RONALD DWIGHT EADY,

    Plaintiff,

v.                                                                                          No. 1:23-cv-01131-STA-jay

ASCEND TRANSPORTATION,

    Defendant.

---

### REPORT AND RECOMMENDATION

---

Pending before the Court is Defendant Ascend Transportation, LLC's Motion to Dismiss Plaintiff's Claim Under the Americans with Disabilities Act with Prejudice (Docket Entry ["D.E."] 37), Plaintiff's Motion to Refute False Accusations and Ensure a Fair Resolution/Motion for Change of Venue (D.E. 30)[1], and Plaintiff's Motion to Request Recusal and Challenge Discrimination. (D.E. 35.) Defendant has responded to both of Plaintiff's motions (D.E. 31, 38-39), but Plaintiff has not responded to Defendant's motion to dismiss. It is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's claim asserted under the Americans with Disabilities Act be **DISMISSED WITH PREJUDICE**. It is also **RECOMMENDED** that Plaintiff's motions be **DENIED**.

In addition to these recommendations, it is further **RECOMMENDED** that Plaintiff be **SANCTIONED** pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff, despite two explicit warnings from the Court, continues to make baseless and unfounded allegations of

---

[1] Plaintiff's Motion to Refute False Accusations and Ensure a Fair Resolution, and his separate Motion for a Change of Venue were docketed under one docket entry.

judicial misconduct, bias, and discrimination against the undersigned magistrate judge. As the Court's previous warnings that Rule 11 sanctions may be imposed against Plaintiff have not deterred him from continuing his disrespectful behavior toward the Court, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as his sanction.

## I. DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Americans with Disabilities Act (ADA) claim with prejudice because Plaintiff has not amended his Complaint to demonstrate that he raised his disability discrimination allegations with the Equal Employment Opportunity Commission (EEOC) prior to bringing this lawsuit. (D.E. 37.) The Court stated in its initial screening of Plaintiff's Complaint:

> Under the ADA, an employer shall not "discriminate against a qualified individual on the basis of disability in regard to [the] terms, conditions, and privileges of employment." "[A] claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." Until an employee receives a right to sue letter from the EEOC, he has not exhausted his administrative remedies and may not file suit under the ADA.
>
> A district court's jurisdiction to hear cases arising under the ADA is "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." "Therefore, a plaintiff may bring suit on an uncharged claim if it was reasonably within the scope of the charge filed[,]" or if the agency discovers evidence of the discrimination relating to the uncharged claim while investigating plaintiff's charge.

(Report and Rec., D.E. 15, p. 6) (internal citations omitted.)

It appeared to the undersigned that Plaintiff had not filed a charge of discrimination with the EEOC regarding his ADA claim, or that his ADA claim was "within the scope of the charge filed" and recommended that Plaintiff's ADA claim be dismissed without prejudice. (*Id*. at pp. 6-7.) In its October 11, 2023, Order, the district judge gave Plaintiff leave to amend his Complaint

2

to "allege how [Plaintiff] exhausted his ADA claim with the EEOC, either by including a copy of his charge of discrimination, or alleging facts about whether he alleged disability discrimination in his charge of discrimination with the EEOC, or both." (Order Adopting Report and Rec., D.E. 19, p. 5.) The district judge gave Plaintiff 21 days from the date of entry of the order to file his Amended Complaint. (*Id*.) Plaintiff sought additional time and was granted an extension until January 19, 2024, to file his Amended Complaint. (Order, D.E. 27, p. 11.) Plaintiff then again sought an extension of time to file an Amended Complaint and was given until February 20, 2024, in which to make his filing. (Order, D.E. 29.)

On February 16, 2024, Plaintiff filed a document titled "Motion to Refute False Accusations, and Ensure Fair Resolution". (D.E. 30.) In that document, Plaintiff makes conclusory allegations that Defendant's employees made false accusations, discriminated, and retaliated against him. (*Id*.) Regarding his ADA claim and the administrative proceedings before the EEOC, Plaintiff states:

- "[Plaintiff is] seeking redress for the defendant's attempts to falsely accuse and discredit the Plaintiff, including the protection and assertion of the Plaintiff's rights under the American with Disabilities Act (ADA)" (*Id*. at p. 1);

- "The Defendant violated the ADA by failing to provide reasonable accommodations and, ultimately, wrongfully terminating the Plaintiff's employment" (*Id*. at p. 2); and

- "During an EEOC investigation, [Plaintiff's attorney] falsely denied speaking to [Defendant's attorney], contradicted by Plaintiff's call log. [The] EEOC investigator [] conveyed [Plaintiff's attorney's] denial, raising concerns." (*Id*. at p. 2).

Plaintiff makes no other statements concerning his ADA claim, or his efforts to exhaust his ADA claim with the EEOC. Nor did Plaintiff attach the Charge of Discrimination he submitted to the EEOC as an exhibit to his motion.

3

The undersigned finds that Plaintiff's Motion to Refute False Accusations and Ensure Fair Resolution, which is discussed further below, is not an Amended Complaint. Even if the Court were to consider that motion to be an attempt at an Amended Complaint and construe it to be one, Plaintiff nonetheless has failed to comply with the Court's prior directives that he demonstrates how he exhausted his ADA claim with the EEOC. Plaintiff has been given ample opportunity to amend his Complaint to address his ADA claim and he has failed to do so. As such, Plaintiff's ADA claim should be dismissed because he failed to exhaust his administrative remedies.

The exhaustion of EEOC remedies "is a condition precedent to filing suit in the district court, rather than a jurisdictional prerequisite." *Mitchell v. Chapman*, 343 F.3d 811, 819-20 (6th Cir. 2003) (abrogated in part on other grounds by *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009)). This distinction "is of significant analytical import because a dismissal for lack of subject matter jurisdiction is not a dismissal on the merits;" however, dismissal for failure to comply with a condition precedent can be on the merits for the purposes of claim preclusion. *Id.* at 820 (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986)).

In the context of EEOC remedies, when a plaintiff fails to exhaust and the statutory period for exhaustion has closed, the plaintiff's claim is "permanently foreclosed" from litigation, as there is no way for the plaintiff "to rewind the clock, fulfill the condition/file the action within the requisite time period, and proceed to an adjudication." *Id.* at 820-21. In such a case, the dismissal of the plaintiff's claims is on the merits. *Id.* On the other hand, if the plaintiff fails to exhaust his EEOC remedies prior to initiating litigation, but it would still be possible for him "to return to the administrative process, fulfill the condition, and re-file the civil action," the dismissal of the plaintiff's claims is not on the merits. *Id.*

The default statute of limitations for exhaustion purposes in employment litigation is 180 days from the date of an alleged act of discrimination to bringing a charge of discrimination; however, "deferral states" have a 300-day statute of limitations. *E.E.O.C. v. Skanska USA Bldg., Inc.*, 80 F. Supp. 3d 766, 779 (W.D. Tenn. 2015) (quoting *Amini v. Oberlin College,* 259 F.3d 493, 498 (6th Cir. 2001)). Tennessee is deferral state, and therefore the 300-day statute of limitations to exhaust applies. *Id.* The limitations period "begins to run on the date upon which the employee first learns or should have learned of the adverse action." *Parrish v. Ford Motor Company,* No. 91–5300, 1992 WL 20305 (6th Cir.1992) (citations omitted).

In his Complaint, Plaintiff alleges that he was discriminated against in violation of the ADA when the Defendant terminated his employment on June 9, 2023. (Compl., D.E. 1, p. 6.) Applying the 300-day statute of limitations to June 9, 2023, establishes April 4, 2024, as the last date in which Plaintiff could have timely filed a charge of discrimination. As Plaintiff did not file a charge of discrimination concerning his alleged ADA claim prior to April 4, 2024, and it is not possible for him "to return to the administrative process, fulfill the condition, and re-file the civil action," it is recommended that Plaintiff's ADA claim be **DISMISSED WITH PREJUDICE**. *See Mitchell*, 343 F.3d 819-20.

## II. PLAINTIFF'S MOTION TO REFUTE FALSE ACCUSATIONS AND ENSURE A FAIR RESOLUTION

In this motion, Plaintiff states that he is "seeking redress for the defendant's attempts to falsely accuse and discredit [him], including the protection and assertion of [his] rights under the Americans with Disabilities Act (ADA)." (D.E. 30.) Plaintiff proceeds to summarize the relief he seeks in his Complaint and then asks the Court to undertake a thorough review of Defendant's alleged false accusations against him, and to protect him from further retaliation, sanctions, or jail time arising from Defendant's alleged false accusations. (*Id*. at p. 3.)

5

As an initial matter, Plaintiff has failed to indicate in his motion whether he consulted with opposing counsel before filing the instant motion. Plaintiff is reminded of this Court's consultation requirement. Local Rule 7.2 requires that, "[a]ll motions, including discovery motions . . . , shall be accompanied by a certificate of counsel or the parties proceeding pro se affirming that, after consultation between the parties to the controversy" they either agree or disagree as to the relief requested. LR 7.2(a)(1)(B). Failure to include the required certificate of consultation "may be deemed good grounds for denying the motion." LR 7.2(a)(1)(B).

As Plaintiff has failed to consult with opposing counsel as required by Local Rule 7.2, Plaintiff's motion should be **DENIED**. Even if Plaintiff had consulted with opposing counsel before filing this motion, it should be nonetheless denied on its merits. It is unclear what relief that Plaintiff is seeking in this motion other than the relief he seeks in his Complaint. His motion appears to be a restatement of his Complaint and does not seek any relief other than a judgment in his favor. As such, Plaintiff's motion to refute false accusations and ensure a fair resolution should be **DENIED**.

### III.  PLAINTIFF'S MOTION TO REQUEST RECUSAL AND CHALLENGE DISCRIMINATION/MOTION FOR CHANGE OF VENUE

Docketed as a single entry under docket number 30, Plaintiff has filed two separate motions: a Motion to Request Recusal and Challenge Discrimination (D.E. 35, pp. 1-4), and a Motion for Change of Venue. (D.E. 35, pp. 5-9.)  The Court notes that Plaintiff has also failed to consult with opposing counsel concerning the relief sought in these motions and his failure to consult is grounds to deny the motions. Notwithstanding Plaintiff's failure to comply with the Local Rules, it is recommended that both motions be **DENIED**.

    **A.**    **Motion to Request Recusal and Challenge Discrimination.**

        1.    <u>Challenge Discrimination.</u>

Plaintiff, in the "Challenge Discrimination" aspect of the motion, appears to be restating the allegations set forth in his Complaint. (*See* D.E. 35, pp. 1-2, §§ II and III.) The relief sought in the motion as to his discrimination allegations is reinstatement and compensation for the damages he alleges he suffered. (*Id*. at p. 2, § V.) The "Challenge Discrimination" portion of Plaintiff's motion seeks a ruling on the merits of his lawsuit and what damages, if any, he should be awarded. This is the ultimate issue of this case and is to be decided by the trier of fact. The "Challenge Discrimination" portion of Plaintiff's motion should be **DENIED**.

      2.    <u>Request for Recusal.</u>

The second issue raised in Plaintiff's motion is his request that the undersigned magistrate judge recuse himself from this matter. (*Id*. at p. 2, § IV.) Plaintiff states: "Given the allegations of bias and judicial misconduct against Magistrate Judge York, Plaintiff respectfully requests his recusal from further involvement in this case. Recusal is necessary to ensure a fair and impartial resolution of the claims at hand and to protect Mr. Eady's rights under the law." (*Id*.)

Due process of law requires that "a neutral and detached judge in the first instance" decide cases. *Ward v. Village of Monroeville*, 409 U.S. 57, 62 (1972). A judge must recuse where "his impartiality might reasonably be questioned" or "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §§ 455(a) & (b)(1); *see also id.* §§ 455(b)(2)–(5). The recusal statute "promote[s] confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

However, "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." *Easley v. University of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988). In other words, a judge must not recuse himself unless the

7

law requires him not to preside over a particular case. *Garrett v. Ohio State Univ.*, 60 F.4th 359, 371 (6th Cir. 2023) (citation omitted). Fairness dictates that litigants live with the judge randomly assigned to hear their case unless the law requires recusal. *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, 578 F. Supp. 3d 1011, 1016 (E.D. Ark. 2022).

"[A] judge is presumed impartial, and a party seeking disqualification 'bears a substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.*, 234 F.App'x 341, 352 (6th Cir. 2007) (quoting *U.S. v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). "The burden is not on the judge to prove that he is impartial." *Id.* (citing *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). A party's subjective belief and conclusory allegations of bias or prejudice, as in the present case, are not sufficient to support a request for recusal. *Ullmo v. Gilmour Academy*, 273 F.3d 671, 681 (6th Cir. 2001); *see also Hart v. Penske Truck Leasing Co.*, No. 09-2108-STA-TMP, 2013 WL 3875393, at *3 (W.D. Tenn. July 25, 2013) ("Because [plaintiff] presents the [presiding judge] with nothing that would cause a reasonable, objective person with knowledge of all the circumstances to doubt the [presiding judge's] impartiality, the [presiding judge] DENIES Hart's Motion to Recuse under 28 U.S.C. § 455").

Here, Plaintiff has offered no reasons for disqualification other than his baseless subjective belief and unsupported conclusory allegations of bias or prejudice. The Court has previously rejected Plaintiff's request that the undersigned recuse himself and admonished Plaintiff for hurling baseless allegations of judicial misconduct. (Order, D.E. 27, p. 13.) Plaintiff has failed to heed the Court's warning that he refrain from making unsupported allegations of judicial misconduct. Plaintiff's motion for recusal should be **DENIED**.

    **B.**    **Motion for Change of Venue.**

Plaintiff seeks a change of venue but does not specify where the case should be transferred. (D.E. 35, pp. 5-9.) As grounds for a change of venue, Plaintiff alleges that "he has been subjected to discriminatory treatment by the court, including threats of sanctions and unfair rulings." (*Id*. at p. 6.) Plaintiff further states that "the judge has exhibited bias and discrimination against him based on his race and disability status, as evidenced by recent actions and statements made during the proceedings." (*Id*.) Plaintiff then goes on to allege that a judge, who is not associated with this case or even a judicial officer of the United States District Court for the Western District of Tennessee:

> Has a history of substance abuse problems, specifically a cocaine problem, for which he has been caught before. This raised concerns that [the judge's] fitness to preside over any case, especially given his prior involvement in ruling on similar matters. The Plaintiff contends that [the judge's] past indiscretions compromise his impartiality and ability to adjudicate the present case fairly.

(*Id*. at p. 8.)

28 U.S.C. § 1404(a) permits a district court, in its discretion, to transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses or in the interest of justice. In determining whether a transfer of venue is appropriate, the district court must weigh several factors. *First Tennessee Bank Nat'l Ass'n v. Pac. Am. Grp., Inc*., No. 07-CV-02664-BV, 2008 WL 11320026, at *2–3 (W.D. Tenn. Apr. 4, 2008). These factors include:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice.

*Id.* The party requesting the transfer bears the burden of proof in showing that the balance of factors weigh in favor of transfer. *Id.* The decision to transfer venue is within the discretion of

9

the trial court. *Id*. (citing *Hunter Fan Co. v. Minka Lighting, Inc.*, No. 06-2108 M1/P, 2006 U.S. Dist. LEXIS 39080, at *4 (W.D. Tenn. June 12, 2006)).

Here, Plaintiff has not addressed any of the factors that the Court must consider as set forth above. Instead, Plaintiff once again makes baseless allegations of judicial misconduct and bias against him. Plaintiff's motion for change of venue should be **DENIED**.

### IV.  RULE 11 SANCTIONS

Finally, Plaintiff, as demonstrated in his motions discussed above, has continued to defy the Court's previous admonishments that he not make baseless allegations of judicial misconduct and unfounded bias. Plaintiff has shown a pattern of lack of respect for this Court and its judicial officers, as well as opposing counsel. The Court has previously warned Plaintiff that sanctions will be assessed if he persists in his disrespectful, contumacious behavior. (See Order, D.E. 27; Order, D.E. 29.) Unfortunately, Plaintiff has not abided by the Court's prior warnings and should be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure accordingly.

Rule 11 of the Federal Rules of Civil Procedure "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *Moses v. Youtube, Inc.*, No. 12-2822-JPM-DKV, 2013 WL 12095203, at *2 (W.D. Tenn. Sept. 23, 2013) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002)). While a court holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *pro se* litigants are still held to the requirements of Rule 11 and may be subject to sanctions for violating it. (*Id.*)(collecting cases.)

The United States District Court for the Southern District of Ohio succinctly stated:

10

> The only special consideration to which a pro se litigant is entitled is to have his pleadings construed liberally by the court. That is it. A pro se litigant is not excused from complying with the Federal Rules of Civil Procedure. A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to the Court. A pro se litigant is not entitled to make unfounded accusations that a court or judicial officer is biased or prejudiced or to insult the judge's competence. A pro se litigant is not excused from the requirement to show appropriate courtesy and respect to opposing counsel.  A pro se litigant is not entitled to make unfounded ad hominem attacks on opposing counsel. A pro se litigant is not entitled to abuse the court system and its judicial officers, bombard the court with frivolous pleadings, and harass his opponent.

*Gueye v. U.C. Health*, No. 1:13-CV-673, 2014 WL 4984173, at *5 (S.D. Ohio Oct. 6, 2014) (internal citations omitted).

Plaintiff has shown a clear pattern of being disrespectful to the Court, making unfounded accusations that the Court and the undersigned magistrate judge is biased or prejudiced, making unfounded accusations of inappropriate communications between opposing counsel and the Court, and making a sensational attack on a judge who is not even involved in this matter.

First, after the undersigned conducted a screening of Plaintiff's Complaint and issued a Report and Recommendation, Plaintiff accused the undersigned of engaging in *ex parte* communications with defense counsel.  (D.E. 16, pp. 1-2, ¶¶ 3-4; see also D.E. 17, pp. 1-2, ¶¶ 3-4.)  In adopting the Report and Recommendation, the Court stated:

> As part of his objections to the Magistrate Judge's report, Plaintiff has raised concerns about possible *ex parte* contact between Defendant and the Magistrate Judge. Plaintiff objects that the Magistrate Judge issued his report and recommendation without holding a hearing or giving Plaintiff notice of the rulings contained in the report. There was nothing improper about the Magistrate Judge's report, and there was no evidence of any *ex parte* communication.

(D.E. 19, p. 2.)  Plaintiff, despite having no basis to accuse the magistrate judge of engaging in *ex parte* communications with opposing counsel and after the district judge explicitly stated that there was no evidence to substantiate Plaintiff's unfounded accusation, persisted in attacking the integrity of the Court.  Plaintiff filed another pleading accusing the undersigned magistrate judge

11

and opposing counsel of engaging in improper communications. (D.E. 20, p. 1, ¶¶ 3-4.) Plaintiff also made allegations that defense counsel engaged in misconduct by "attempting to throw the courts off by denying involvement with Plaintiff and his case…and trying to confuse the court by creating a paper trail." (*Id*. at p. 2, ¶ 11.)

Plaintiff then filed a "Motion to Address Judicial Misconduct, Request Recusal and Challenge Discrimination" and stated in its introductory paragraph "[t]his motion is made … seeking redress for alleged discriminatory actions and misconduct by Magistrate Judge York regarding Plaintiff's ADA claim." (D.E. 22, p. 1.) Plaintiff continued in his motion by making baseless allegations of judicial misconduct based upon his fanciful assertions that the undersigned magistrate judge associated with defense counsel, and that a friendship existed between the undersigned and defense counsel. (*Id*. at p. 2.) Throughout that motion, Plaintiff asserted that the undersigned had engaged in judicial misconduct and was biased and discriminated against Plaintiff. Plaintiff reiterated his allegations in a second motion for recusal. (D.E. 23.)

In denying Plaintiff's motion and granting Defendant's motion to strike Plaintiff's baseless allegations, the Court stated:

> Exception [is taken] to the charge that any member of the Court would act contrary to the Constitution or a judicial officer's oath to uphold it. As the party making such a charge, Plaintiff has the burden to prove his claim of discrimination or some other basis for disqualification. But Plaintiff has not carried such a burden. The charge against the Magistrate Judge is entirely unfounded. Plaintiff is strongly cautioned that the Court will not tolerate unsupported allegations of judicial misconduct over the handling of Plaintiff's case in the future. Should Plaintiff continue to raise meritless allegations of bias or discrimination, the Court cautions Plaintiff that it will consider imposing sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11.
>
> …
>
> Plaintiff is warned that the Court may consider sanctions if he continues in raising serious allegations against the Magistrate Judge or opposing counsel without some proof to support his claims.

12

(D.E. 27, p. 13.)

Undeterred by the Court striking his allegations against the undersigned and defense counsel and after being explicitly warned that the Court would consider imposing sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff filed a motion seeking an extension of time in which he stated that "[t]he purpose of this motion is to request a date extension to re-evaluate the Magistrate Judge's Report and Recommendation, address Ex Parte Communication, Document Attorney Misconduct …" (D.E. 28, p. 1.) Plaintiff *again* alleged that the undersigned has engaged in *ex parte* communications with opposing counsel. (*Id.*)

In granting in part and denying in part Plaintiff's motion for an extension of time, the Court stated:

> Plaintiff's Motion for Extension also requests more time to file a Motion to Re-Evaluate the Magistrate Judge's Report and Recommendation. Plaintiff alludes to other allegations concerning the United States Magistrate Judge and counsel for Defendant. Plaintiff continues to represent to the Court that the Magistrate Judge engaged in *ex parte* communication with counsel for Defendant and possibly violated Plaintiff's due process rights. Plaintiff's Motion for Extension also mentions the possibility of the Magistrate Judge recusing himself and "instances of attorney misconduct in official records." The Court has already addressed those allegations in its most recent order and found Plaintiff's claims to be unsubstantiated. To the extent that Plaintiff requests more time to prepare another filing raising the same issues, the Motion for Extension is DENIED. The Court has cautioned Plaintiff about continuing to raise these issues without any evidence to support them. *See* Order Jan. 3, 2024. The Court reiterates that should Plaintiff continue to raise meritless allegations of bias or discrimination, the Court will consider imposing sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11.

(D.E. 29.)

Despite the ample warnings the Court has given Plaintiff that Rule 11 sanctions might be imposed if he continued to make unfounded allegations of judicial misconduct against the undersigned, Plaintiff filed yet another motion making baseless and conclusory allegations that the

13

undersigned was biased and engaged in judicial misconduct as discussed above. (D.E. 35, p. 2, ¶ IV.) Plaintiff went even another step further and accused another judge, completely unrelated to either this proceeding or this Court, of engaging in illicit drug use. (D.E. 35, p. 8.)

In this case, Plaintiff is guilty of misconduct. He has violated the Federal Rules of Civil Procedure by filing frivolous motions for the undesigned magistrate judge's recusal. He has insulted the integrity and impartiality of the Court and its judicial officers. Particularly insulting are his repeated, unfounded accusations that the undersigned is biased and discriminates against him. Despite the Court's earlier orders and admonishments, he has persisted in displaying a contemptuous attitude towards the undersigned. He has also attacked the integrity and professionalism of opposing counsel.

The Court has at least two sources of authority to sanction Plaintiff for his misconduct. Rule 11(c)(1) permits a district court to sanction a party for filing any pleading or motion without a good faith basis in law and fact. Plaintiff's frivolous pleadings alleging judicial bias and misconduct abound on the record. A court also has inherent authority to sanction pro se litigants for engaging in frivolous and harassing litigation conduct, as well as to punish disrespect or contempt for the court. *First Bank of Marietta* 307 F.3d at 514 & 514 n. 11; *In re Smothers,* 322 F.3d 438, 422 (6th Cir. 2003) (courts have inherent authority to maintain respect and decorum); *Mitan v. International Fid. Ins. Co.,* 23 Fed. Appx. 292, 298 (6th Cir. 2001) ("The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses.").

Sanctions imposed under Rule 11 should be limited to what is needed to deter future misconduct. *Rentz v. Dynasty Apparel Ind., Inc.,* 556 F.3d 389, 400 (6th Cir. 2009). On the other hand, sanctions imposed pursuant to a court's inherent authority are punitive and not limited to

14

what is required to achieve deterrence. *Stalley ex rel. United States v. Mountain States Health Alliance,* 644 F.3d 349, 352 (6th Cir. 2011). Dismissal of the complaint is considered a sanction of last resort, to be imposed only when lesser sanctions are not feasible. *Taylor v. Medtronics, Inc.,* 861 F.2d 980, 985 (6th Cir. 1988).

In this case, the undersigned recommends that dismissal of the Complaint with prejudice is the only feasible sanction in light of Plaintiff's misconduct. Plaintiff is proceeding in this case *in forma pauperis,* so by definition he has no resources to pay any kind of monetary sanction, much less one sufficient to deter him from repeating the same behavior. There does not seem to be a sanction short of dismissal of the Complaint that will deter this Plaintiff from repeating the same abusive, contemptuous, and harassing conduct. The Court cautioned Plaintiff twice about his conduct and warned him that continuing in this manner could result in dismissal of his claims. Instead of moderating his behavior, however, Plaintiff has continued unabated with his attacks on the undersigned magistrate judge's integrity and impartiality. Plaintiff's actions have left the undersigned with no option other than to RECOMMEND DISMISSAL WITH PREJUDICE as the only meaningful sanction available to the Court under Rule 11 of the Federal Rules of Civil Procedure.

## V. RECOMMENDATION

For the reasons above, it is **RECOMMENDED** that Defendant's Motion for Partial Dismissal (D.E. 37) be **GRANTED** and that Plaintiff's ADA claim be **DISMISSED WITH PREJUDICE**. It is further **RECOMMENDED** that Plaintiff's Motion to Refute False Accusations and Ensure a Fair Resolution/Motion for Change of Venue (D.E. 30), and Plaintiff's Motion to Request Recusal and Challenge Discrimination (D.E. 35) be **DENIED**.

Finally, it is **RECOMMENDED** that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure be imposed on Plaintiff and that his Complaint be **DISMISSED WITH PREJUDICE**.

Respectfully submitted this the 20th day of June, 2024.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**