IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RONALD DWIGHT EADY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No. 1:23-cv-01131-STA-jay |
| | ) |
| **ASCEND TRANSPORTATION,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION
ORDER DENYING PLAINTIFF'S MOTION TO REFUTE FALSE ALLEGATIONS
AND ENSURE FAIR RESOLUTION (ECF NO. 30)
ORDER DENYING PLAINTIFF'S MOTION TO REQUEST RECUSAL AND
CHALLENGE DISCRIMINATION AND MOTION TO CHANGE VENUE (ECF NO. 35)
ORDER STRIKING ALLEGATIONS FROM THE RECORD
ORDER ON HEARING**

Before the Court are the following Motions filed by the parties: Plaintiff Ronald Dwight Eady's Motion to Refute False Allegations and Ensure a Fair Resolution (ECF No. 30) filed on February 16, 2024; Plaintiff's Motion to Request Recusal and Challenge Discrimination and Motion to Change Venue (ECF No. 35) filed April 15, 2024; and Defendant Ascend Transportation's Motion to Dismiss Plaintiff's Claims under the Americans with Disabilities Act (ECF No. 37) filed on April 16, 2024.

The United States Magistrate Judge issued a Report and Recommendation (ECF No. 40) addressed to the Motion on June 20, 2024. The Magistrate Judge has made several recommendations: (1) that the Court grant Defendant Ascend Transportation's Motion to Dismiss, (2) that the Court deny Plaintiff's Motions, and (3) that the Court dismiss the remainder of Plaintiff's case as a sanction for Plaintiff's continuing allegations of judicial misconduct and bias.

Plaintiff filed timely objections to the report (ECF No. 41), though without actually addressing objections to the sanctions recommended by the Magistrate Judge.  So, on July 18, 2024, the Court ordered Plaintiff to show cause as to why the Court should not adopt the Magistrate Judge's recommendation to sanction Plaintiff and dismiss his case.  Plaintiff filed his show cause response on August 7, 2024.

For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Plaintiff's Motions.  Based on Plaintiff's show cause response, the Court does not find that the sanction of dismissal is warranted at this time.

## BACKGROUND

The Court has set out the full procedural history of this civil action in previous orders and need not recite it in full here.  *See* Order Adopting Mag. J.'s Rep. & Recommendation Oct. 11, 2023 (ECF No. 19); Order Denying Pl.'s Mot. to Re-Evaluate Rep. & Recommendation Jan. 3, 2024 (ECF No. 27).  Briefly, on July 7, 2023, Plaintiff filed a Pro Se Complaint alleging claims against his former employer Ascend Transportation for the violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").

On August 29, 2023, the Magistrate Judge issued a report and recommendation (ECF No. 15) on the Pro Se Complaint.  The Magistrate Judge construed the Pro Se Complaint to allege the following claims: Title VII hostile work environment and retaliation and disability discrimination under the ADA.  The Magistrate Judge found that the Pro Se Complaint stated plausible Title VII claims and recommended that the Court allow these claims to proceed.  However, the Magistrate Judge concluded that the Pro Se Complaint failed to allege that Plaintiff had properly exhausted

his disability discrimination claim under the ADA. The Magistrate Judge therefore recommended the dismissal of the ADA claim without prejudice pursuant to 28 U.S.C. § 1915.

In an order entered October 11, 2023, the Court addressed Plaintiff's objections to the report and recommendation and concluded that the Magistrate Judge had correctly held that neither the Pro Se Complaint nor the right-to-sue letter issued by the EEOC and attached to Plaintiff's pleading showed the scope of his charge of discrimination or the extent of the administrative investigation undertaken by the agency. Without the charge itself or at least some factual allegation in the Pro Se Complaint to show that Plaintiff had complained of disability discrimination at the administrative level, Plaintiff could not proceed with his ADA disability claim as part of his lawsuit. Therefore, the ADA claim was subject to dismissal but without prejudice to Plaintiff's right to raise the claim at a later time.

Rather than dismiss the ADA claim outright, the Court granted Plaintiff leave to amend his pleadings to allege how he had exhausted his ADA claim with the EEOC, either by including a copy of his charge of discrimination or by alleging facts about whether he alleged disability discrimination in his charge of discrimination with the EEOC, or both. The Court explained that any new allegations concerning the exhaustion of the ADA claim would still need to undergo the screening process. The Court gave Plaintiff 21 days from the service of its order in which to file his amended pleading. In the interim, the Court dismissed Plaintiff's ADA disability claim without prejudice to his right to bring the claim in his amended pleading.

Plaintiff did not file an amended complaint as the Court directed. In fact, in the more than ten months since the Court gave Plaintiff an opportunity to file an amended pleading, Plaintiff has never done so. Plaintiff first responded by filing a series of motions, largely alleging judicial

3

misconduct without any evidentiary support. The Court construed one of Plaintiff's motions as a request for an extension of time to amend his pleadings in response to the Court's October 11, 2023 order. In an order entered on January 3, 2024, the Court granted that request and gave Plaintiff until January 19, 2024, to amend his pleadings in support of the ADA claim.

The Court also rejected Plaintiff's claims of judicial misconduct in the strongest possible terms, admonishing Plaintiff about raising unsubstantiated charges of judicial bias, discrimination, and misconduct: "The charge against the Magistrate Judge is entirely unfounded. Plaintiff is strongly cautioned that the Court will not tolerate **unsupported** allegations of judicial misconduct over the handling of Plaintiff's case in the future." Order Denying Pl.'s Mots. to Address Judicial Misconduct, Request Recusal, & Challenge Discrimination 13, Jan. 3, 2024 (ECF No. 27). The Court warned Plaintiff about the possibility of Rule 11 sanctions if he persisted in making "meritless allegations of bias or discrimination" against the Magistrate Judge. *Id*. ("Should Plaintiff continue to raise meritless allegations of bias or discrimination, the Court cautions Plaintiff that it will consider imposing sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11.").

On January 18, 2024, the day before the extended deadline set by the Court for Plaintiff to amend his complaint, Plaintiff requested another extension. The Court granted Plaintiff's request and gave him until February 20, 2024. Rather than file an amended complaint, Plaintiff filed a Motion to Refute False Allegations and Ensure a Fair Resolution (ECF No. 30) on February 16, 2024. Plaintiff argued in this Motion that Defendant through its employees had made false accusations about Plaintiff's work-related conduct. The Magistrate Judge noted in his recent report

4

and recommendation (ECF No. 40) that the only references in the Motion to the ADA were the following:

- "[Plaintiff is] seeking redress for the defendant's attempts to falsely accuse and discredit the Plaintiff, including the protection and assertion of the Plaintiff's rights under the American with Disabilities Act (ADA)," Mot. to Refute 1;

- "The Defendant violated the ADA by failing to provide reasonable accommodations and, ultimately, wrongfully terminating the Plaintiff's employment," *id.* at 2; and

- "During an EEOC investigation, [Plaintiff's attorney] falsely denied speaking to [Defendant's attorney], contradicted by Plaintiff's call log. [The] EEOC investigator [] conveyed [Plaintiff's attorney's] denial, raising concerns." *id*.

Plaintiff made no other statements concerning his ADA claim or his efforts to exhaust his ADA claim with the EEOC. Nor did Plaintiff attach his administrative charge of discrimination as an exhibit to his Motion. Defendant filed a response in opposition to the Motion. As part of his report, the Magistrate Judge has recommended that the Court deny the Motion for failure to request any relief with particularity or to attach a certificate of consultation.

On March 15, 2024, several weeks after the deadline to file an amended pleading had passed, Plaintiff filed yet another motion for extension of time to amend his pleadings. Plaintiff requested 30 days more to prepare and file the amended pleading addressed to his ADA claim. In an order entered March 18, 2024, the Court granted Plaintiff's motion for more time. The Court set April 15, 2024, as the new deadline for Plaintiff's amended complaint and cautioned Plaintiff "that the Court is not inclined to grant Plaintiff any further extensions of the deadline to amend that was originally set in October 2023. If Plaintiff fails to file an amended pleading by April 15, 2024, Plaintiff's case will proceed on the merits of his Title VII claims." Order Granting Third Mot. for Ext., Mar. 18, 2024 (ECF No. 34).

5

Rather than file the amended complaint by April 15, 2024, Plaintiff submitted a Motion to Request Recusal and Challenge Discrimination as well as a Motion to Change Venue (both docketed as a single entry, ECF No. 35). As the Magistrate Judge correctly noted in his report, Plaintiff stated in these Motions that he was "seeking redress for the defendant's attempts to falsely accuse and discredit [him], including the protection and assertion of [his] rights under the Americans with Disabilities Act (ADA)." Plaintiff's Motion then summarized the relief he sought in his Complaint and asked the Court to undertake a thorough review of Defendant's alleged false accusations against him, and to protect him from further retaliation, sanctions, or jail time arising from Defendant's accusations. Plaintiff's Moton to Request Recusal and Challenge Discrimination went on to restate some of the same allegations about judicial misconduct involving the Magistrate Judge.

In his Motion for Change of Venue, Plaintiff requested a change of venue, this time because of "the alleged discrimination and bias of the presiding judge." Plaintiff alleged that another judicial officer, who is not the presiding judge in this matter or even a member of the United States District Court for the Western District of Tennessee, has a drug problem and therefore could not "adjudicate the present case fairly." Therefore, Plaintiff was entitled to a change of venue. Defendant responded in opposition to each of Plaintiff's Motions, and the Magistrate Judge has once again recommended that the Court deny the requests.

On April 16, 2024, Defendant filed a Motion to Dismiss, arguing that the Court should dismiss Plaintiff's ADA claim for failure to exhaust administrative remedies. Defendant noted that Plaintiff had never complied with the Court's previous order to amend his pleadings or produce a copy of his administrative charge of discrimination. Without Plaintiff furnishing some

6

proof that he had exhausted his ADA claim, the Court should dismiss the claim. Plaintiff never responded to the Motion to Dismiss. As part of his report and recommendation, the Magistrate Judge has recommended that the Court grant Defendant's Motion to Dismiss Plaintiff's ADA claim with prejudice.

The Magistrate Judge further recommended that the Court dismiss Plaintiff's remaining Title VII claims as a sanction for Plaintiff's baseless allegations of judicial misconduct. Although Plaintiff filed an objection to the report and recommendation, Plaintiff did not address the Magistrate Judge's recommendation to dismiss the case as a sanction for Plaintiff's accusations against the Court. Therefore, the Court ordered Plaintiff to show cause as to why the Court should not impose sanctions. As part of its order, the Court gave Plaintiff notice that the Court was considering sanctions against Plaintiff, including the dismissal of his case, based on the ongoing submission of papers to the Court, containing unsubstantiated allegations of judicial bias or misconduct. The Court had first warned Plaintiff about filing these kinds of serious allegations back in January 2024. The Court noted that in the months since the Court had issued that warning, Plaintiff had continued to file papers raising some of the same allegations about the Magistrate Judge's handling of his case.

- In a motion for extension of time (ECF No. 28) filed January 18, 2024, Plaintiff once more referred to the possibility of the Magistrate Judge recusing himself and "instances of attorney misconduct in official records." In its order granting the motion for extension, the Court reiterated "that should Plaintiff continue to raise meritless allegations of bias or discrimination, the Court will consider imposing sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11." Order Granting Mot. for Ext. 2, Jan. 19, 2024 (ECF No. 29).

- In the motion to request recusal and challenge discrimination (ECF No. 35) filed April 15, 2024, Plaintiff again alleged judicial misconduct. According to Plaintiff, "Magistrate Judge York's actions have compromised the

7

- fairness of the proceedings." Plaintiff requested that the Court investigate the claims and order the recusal of the Magistrate Judge.

- In the motion for change of venue (ECF No. 35), also filed April 15, 2024, Plaintiff requested a change of venue because of "the alleged discrimination and bias of the presiding judge." Here, Plaintiff alleged that another judicial officer, who is not the presiding judge in this matter or a member of the United States District Court for the Western District of Tennessee, has a drug problem and therefore cannot "adjudicate the present case fairly."

- In his Response to the Magistrate Judge's Report and Recommendation (ECF No. 41), Plaintiff restated his claim that "Magistrate Judge York's actions have compromised the fairness of the proceedings." The brief also stated that Magistrate Judge York "exhibited bias and engaged in judicial misconduct by threatening sanctions and demonstrating a lack of impartiality." Plaintiff went on to request that Magistrate Judge York recuse himself.

- Plaintiff's Response to the Report and Recommendation also contains the following allegation: "Judge York disliked the Plaintiff so much, he commented that he did not see how a minority came up with the money to file a complaint in Federal district court. By treating Plaintiff differently than others [sic] prevented him from getting a fair and impartial trial. Not that Judge York wanted Plaintiff to get one anyway." Resp. to Rep. & Recommendation 4 (ECF No. 41, Page ID 326). Plaintiff did not explain when and where such a comment was made. As far as the record shows, Plaintiff has never appeared before the Magistrate Judge.

At no time had Plaintiff ever produced any evidence to support any of the allegations made in these papers or heeded the Court's warning about persisting in this pattern of making spurious claims about a judicial officer.

The Court therefore ordered Plaintiff to show cause as to why the Court should not sanction him for making statements in his filings with the Court which lacked any evidentiary support and baselessly impugned the integrity of the proceedings. The Court directed Plaintiff to explain the basis for his claims and introduce admissible evidence to substantiate his description of the handling of his case.

8

Plaintiff has filed a written show cause response. Plaintiff begins by apologizing to the Court for his accusations and admits "it was wrong of me." Plaintiff explains that after having suffered a stroke, he takes a number of medications, including prescription drugs for the treatment of heart disease and diabetes. The effect of his drug regimen "produced a paranoid effect in" Plaintiff. Plaintiff has also attached a number of exhibits to his show cause response: an unverified document titled "Supporting Statement as Extension to the Complaint for Employment Discrimination;" a charge of discrimination dated October 1, 2022; and a series of medical records.

The charge of discrimination (Page ID 366-67) was prepared on the official EEOC form. In the section of the form indicating the basis for the charge, the boxes beside the words "race," "color," "retaliation," and "disability" are all checked. While the boxes beside the words "race," "color," and "retaliation" contain a typewritten "X," the mark in the box beside the word "disability" appears to contain a handwritten checkmark. The section for the dates of the alleged discrimination states, "Aug. 9, 2021 to Oct 1, 2022" and the box beside the words "continuing action" is checked. The narrative portion of the charge stated in relevant part that Plaintiff suffered a work-related back injury on April 1, 2022. Plaintiff claimed he was forced to work in unsafe conditions and slipped and fell on a jobsite. Plaintiff's back injury from the fall caused him to miss several weeks of work, for which he was denied all of the workers compensation he was owed by law. The charge of discrimination concluded by alleging that Defendant had violated "the Americans with Disability Act Amendments Act of 2008" and Title VII.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made" by the United States Magistrate Judge. *Id.* However, the Court need not review any portion of the recommendation to which Plaintiff did not specifically object. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). The Court may adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.*

## ANALYSIS

The Court holds that Plaintiff has failed to raise any specific objection to the Magistrate Judge's recommendation regarding Plaintiff's Motions. Each of Plaintiff's requests suffers from a number of defects, all identified and discussed by the Magistrate Judge in his report and recommendation. Plaintiff has filed objections to the report and recommendation but none addressed to why the Court should not adopt the Magistrate Judge's conclusions. Therefore, this aspect of the report is **ADOPTED**, and Plaintiff's Motion to Refute False Allegations and Ensure a Fair Resolution (ECF No. 30), Motion to Request Recusal and Challenge Discrimination (ECF No. 35), Motion to Change Venue (ECF No. 35) are **DENIED**.

As for the Magistrate Judge's recommendation to sanction Plaintiff, the Court declines to impose sanctions, including the sanction of dismissal, at this time. Rule 11(c)(1) grants the Court discretion to "impose an appropriate sanction" on an attorney or party "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c)(1). Plaintiff's long-running course of scurrilous accusations is now well documented in this case. The Court continues to find that Plaintiff's claims of misconduct or discrimination are totally unsubstantiated. This is enough to establish a violation of Rule 11. Fed.

R. Civ. P. 11(b)(3) (governing representations to the Court and stating that an unrepresented person certifies that all factual allegations submitted to a court "have evidentiary support . . . to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"). In light of the prior warnings from the Court, including the Court's show cause order, Plaintiff's conduct is clearly sanctionable.

Nevertheless, as part of his show cause response, Plaintiff has conceded that his claims have no merit. Plaintiff has extended an apology to the Court for his actions and explained that he is suffering from side effects Plaintiff attributes to his prescription medications, effects which include feelings of anxiety. While Plaintiff's show cause response does not explicitly withdraw his previous statements to the Court, the Court will treat it as a withdrawal of the comments. The Court has already struck some of the allegations from Plaintiff's earlier motions. Order Granting in Part Def.'s Mot. to Strike 13, Jan. 3, 2024 (ECF No. 27). The Court now strikes the subsequent statements offered by Plaintiff to allege judicial misconduct and bias from the record.

Plaintiff's response stops short of assuring the Court that he will not return to the meritless allegations like those in his previous motions and raise them once more in future filings. The Court finds that Plaintiff's remorse for the statements suffices to avoid the sanction of dismissal. Under the circumstances, the Court will not dismiss Plaintiff's case. The Court cautions Plaintiff that should he file any additional paper with the Court containing a baseless accusation against the Court or the Magistrate Judge, the Court will impose sanctions, up to and including dismissal of the case, without further notice.

This just leaves Defendant's Motion to Dismiss. Defendant argues, and the Magistrate Judge has concluded, that the Court should dismiss Plaintiff's ADA claim because Plaintiff cannot

11

show that he exhausted his administrative remedies by raising the claim in an EEOC charge of discrimination. During the initial screening phase of the case, the Court actually dismissed Plaintiff's ADA claim and then granted Plaintiff leave to amend his pleadings and/or produce his charge of discrimination. Strictly speaking, the Court has already dismissed Plaintiff's ADA claim but did so without prejudice to Plaintiff's right to refile the claim in an amended pleading. Defendant now seeks a ruling to dismiss the ADA claim with prejudice due to Plaintiff's failure to file the amended pleading within the deadline set by the Court.

In fact, the Court has set a number of deadlines for Plaintiff's amended complaint and a number of extensions have been granted to Plaintiff. The Court set an initial deadline for Plaintiff to file the amendment in November 2023. After several extensions of time, the Court gave Plaintiff "one final opportunity" to comply and pushed the pleading deadline to April 15, 2024. The Court cautioned Plaintiff that it was "not inclined to grant Plaintiff any further extensions of the deadline to amend" and that "[i]f Plaintiff fails to file an amended pleading by April 15, 2024, Plaintiff's case will proceed on the merits of his Title VII claims."[1] The record is clear: Plaintiff has still not amended his pleading to comply with the order the Court originally entered on October 11, 2023, more than ten months ago, and Plaintiff did not request any further extension of his deadline to do so after April 15, 2024.

At the same time, Plaintiff has now submitted, as part of his show cause response, a copy of an administrative charge of discrimination dated October 1, 2022. Plaintiff's charge alleged that Defendant violated the ADA. The charge describes an on-the-job injury suffered by Plaintiff

---

[1] The Magistrate Judge has correctly reasoned that even if Plaintiff returned to the EEOC and attempted to exhaust the ADA claim administratively, any further judicial action on the claim would be time barred.

12

and the fact that the injury left Plaintiff unable to work. Plaintiff alleges in the charge that Defendant's actions after Plaintiff's injury constitute a violation of the ADA. Plaintiff has offered no explanation about why he did not submit a copy of the charge sooner, nor has he argued why the Court should once more extend the April 15, 2024, deadline for Plaintiff to amend his pleading.

The Court finds good cause to hold a hearing to consider whether Plaintiff should be allowed to submit the charge of discrimination so far outside of the deadline set by the Court.

## CONCLUSION

The Court **ADOPTS** the Magistrate Judge's recommendation to deny Plaintiff's Motions. The Court declines to adopt the recommendation to dismiss Plaintiff's case as a sanction for his baseless allegations. The Court strikes Plaintiff's allegations from the record and strongly cautions Plaintiff that should he file any additional paper with the Court containing a baseless accusation against the Court or the Magistrate Judge, the Court will impose sanctions, up to and including dismissal of the case, without further notice.

The hearing to determine whether Plaintiff should be allowed to submit the charge of discrimination to plead his ADA claim will be set by separate order.

**IT IS SO ORDERED.**

                                                s/ S. Thomas Anderson
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date:   August 29, 2024.